IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:22-cv-600

| | |
|---|---|
| IHAB DERYAS, *individually and on behalf of himself and all others similarly situated*, <br><br> Plaintiffs <br><br> v. <br><br> BISCUITVILLE, INC., BV FUND I, LLC, BV FUND II, LLC & BV FUND III, LLC, <br><br> Defendants. | **COLLECTIVE ACTION COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

Plaintiff Ihab Deryas, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint (the "Complaint") against Defendants Biscuitville, Inc. BV Fund I, LLC, BV Fund II, LLC & BV Fund III, LLC ("Defendants" or "Biscuitville") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*

**PRELIMINARY STATEMENT**

1. This is a collective action brought by named Plaintiff Ihab Deryas ("Deryas") for unpaid overtime wages on behalf of himself and on behalf of the proposed class identified below. Plaintiff and the putative class members were or are employed by Defendants as Assistant Managers in one or more of Biscuitville's 70 current locations.

2. As Assistant Managers, Plaintiff and the putative class members are or

1

were covered, non-exempt employees under federal wage and hour laws, and are entitled to overtime pay consistent with the requirements of these laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

3. The Collective Class is made of all persons who are or have been employed by Defendants as Assistant Managers at any time within the states that Defendants operate Biscuitville locations within three years prior to this action's filing date, through the date of disposition of this action ("the Collective Class Period").

4. During the Collective Class Period, Defendants failed to pay appropriate compensation, including overtime compensation, to each member of the Collective Class as required by federal law. Plaintiff seeks relief for the Collective Class under the Fair Labor Standards Act. The relief sought is to remedy Defendants' failure to pay all wages due, to pay appropriate overtime compensation, and to maintain accurate time records, in addition to injunctive relief.

**PARTIES**

5. Individual and representative Plaintiff Ihab Deryas resides in Wake County, North Carolina. Upon information and belief, Plaintiff Deryas was employed by Defendants from approximately September 2018 to March of 2022 as an "Assistant Manager" at the Biscuitville located at 3201 Hillsborough Rd, Durham, NC 27705. Plaintiff brings his claim on behalf of himself and the Collective Class.

6. Defendant Biscuitville, Inc. is a privately held North Carolina corporation

with a principal office in Guilford County, North Carolina that operates more than 60 fast-food restaurants throughout North Carolina and southern Virginia.

7. Defendants BV Fund I, LLC, BV Fund II, LLC & BV Fund III, LLC are all North Carolina Limited Liability Companies that, upon information and belief, are "holding companies" for the assets of individual Biscuitville restaurants.

8. All Defendants are owned, managed, and controlled by the same person(s) and are an "employer" of Plaintiff and the members of the Collective Class under the FLSA.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331. Plaintiff Deryas has signed a consent form to join this lawsuit, attached hereto as Exhibit A.

10. Venue is proper in the United States District Court, Middle District of North Carolina pursuant to 28 U.S.C. § 1391, because Defendants maintain their principal places of business in the District, conduct business in such District, and a substantial part of the events giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

   a. **Collective Class:** All persons who are or have been employed by

3

Defendants with the job title of "Assistant Manager"; or some similar title, who were misclassified as exempt, and therefore denied overtime compensation as required by federal wage and hour laws, at any time within three years prior to this action's filing date through the date of final disposition of this action.

12. Plaintiff and the other Assistant Managers are similarly situated in that they are all subject to Defendants' common plan or practice of designating them as exempt from the overtime requirements of FLSA, when in fact their work is not exempt and when Defendants knew that Assistant Managers worked overtime hours.

13. Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without overtime compensation.

14. Defendants' unlawful conduct has been widespread, repeated, and consistent.

15. Upon information and belief, Defendants knew that Plaintiff and the Collective Class worked more than 40 hours per week and performed work that required overtime pay.

16. For example, Biscuitville promotes employment opportunities as having "flexible hours" because the restaurant is only open to the public between 5:30 a.m. to 2:00 p.m.,[1] thereby allowing employees to have a "life after 2 p.m."

17. However, even though the store closes to the public at 2:00 p.m., Assistant

---

[1] On Sundays, Biscuitville opens at 6:00 a.m.

Managers are scheduled to start work at 4:30 a.m., open the store, and stay until the restaurant is clean (approximately 2:30 p.m. to 3:00 p.m.).

18. This is a 10+ hour workday and Assistant Managers regularly work 5 to 6 days per week with the same basic hourly schedule.

19. Upon information and belief, each Biscuitville location has an employee known as an "Operator" that is paid a salary and to whom the Assistant Managers report to.

20. Plaintiff Deryas and other Assistant Managers are also paid a set weekly amount that does not fluctuate based on the number of hours worked, but the Assistant Managers are not exempt employees under the FLSA's overtime provisions and the implementing regulations.

21. A Biscuitville kitchen is operated like a factory production line. There are limited inputs (flour, buttermilk, eggs, breakfast meats, etc.), a limited number of outputs (biscuit sandwiches and pre-made items such as muffins) and there is no discretion on any store employee's part to deviate from the recipes, methods, and brand standards prescribed by Biscuitville.

22. Assistant Managers are the working supervisors of hourly fast-food workers called "Crew Members," and an Assistant Manager's primary duty is to perform routine, manual, non-exempt work in a kitchen environment that has been designed to reduce opportunities for employee error, maximize production, and ensure product consistency across Defendants' 70 locations.

23. Assistant Managers do not regularly make discretionary, executive

5

management decisions regarding the operations of the Biscuitville where they work.

24. For example, upon information and belief, Assistant Managers:

   a. do not control how the weekly work schedule for a location's Crew Members is set and produced;

   b. do not have the independent authority to hire or fire any employees;

   c. do not schedule the dates and times of delivery of food and other supplies;

   d. do not determine the type of food to be served in the restaurant, the kind of ingredients used to make that food, or the methods that will be used to produce it;

   e. do not schedule regular building maintenance activities for the location where they work, such as landscaping, window cleaning, and other building systems maintenance; and

   f. do not have the authority to review the security camera records;

25. Rather, even though Assistant Managers can direct the work of Crew Members by giving them instructions (i.e., I need more biscuits, take out the trash), Assistant Managers are required to spend the majority of the workday performing non-exempt work right beside these Crew Members, including but not limited to the following:

   a. Making biscuits;

   b. Taking drive-thru orders;

   c. Reading a computer screen with customer order information;

   d. Wrapping up biscuit sandwiches and placing them in bags or on trays;

e. Filling up drink cups;

f. Taking inventory of certain ingredients;

g. Counting the number of cooked eggs, bacon strips, sausage patties, and other higher cost items that are left over at the end of the day on the "line;" and

h. Daily cleaning after the store closes to the public at 2:00 p.m.

26. The total take home pay for Assistant Managers who regularly work 50+ hours per week would be almost the same as some hourly Crew Members for the restaurants, <u>if those Crew Members worked the same number of hours that the Assistant Managers did with their overtime properly included.</u>

27. For example, if a Crew Member with a $13/hour wage averaged 50 hours of work per week for 50 weeks per year, they would be paid for 2,000 hours at $13/hour and 500 hours at $19.50/hour, for total annual gross earnings of <u>$35,750.00.</u>

28. As of the date of this filing, the listed annual salary for new Assistant Managers at a Biscuitville can start at <u>$35,568.00.</u>

29. Upon information and belief, Biscuitville has implemented certain cost-saving practices designed to minimize weekly hourly payroll expenses. One practice is to not schedule any Crew Member for more than 40 hours per week.

30. Assistant Managers, who open the store, are required to perform the tasks of Crew Members that miss work or are late.

31. For example, if the Crew Member that makes biscuits does not show up on time in the morning, Assistant Managers must make the biscuits, as Biscuitville does

7

not give the Assistant Manager any discretion regarding whether the store will open and serve biscuits.

32. Upon information and belief, Deryas and other Assistant Managers are tasked with a few other duties that were not performed by or otherwise assigned to the "Crew Members."

33. For example, Assistant Managers are expected to take temperature readings of the refrigerators in the restaurant and record those values in a log.[2]

34. However, these other duties are also of a rote and routine nature and when they are considered in light of an Assistant Manager's typical workweek (which often spans 5+ days and can exceed 50 hours) the time spent performing these other duties is *de minimis.*

35. Upon information and belief, Biscuitville knew that its Assistant Managers, and the primary duties they would perform, were non-exempt.

36. Yet it willfully misclassified and compensated this position as if it were exempt.

37. Upon information and belief, Defendants have been, or should have been, on notice that the primary duties of Plaintiff and the Collective Class do not allow for Defendants to classify them as exempt from the requirements of the FLSA.

38. Defendants' conduct was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class

---

[2] This example is not an admission or concession that taking and recording temperature readings is an exempt job duty under any of the overtime exemptions provided in the FLSA.

8

Case 1:22-cv-00600-CCE-LPA   Document 1   Filed 07/29/22   Page 8 of 12

39.     The job duties for each Assistant Management position are substantially the same, if not identical, regardless of the store's location, store size, sales volume, or staffing levels.

40.     Upon information and belief, the Collective Class is comprised of at least 70 current or former Assistant Managers, as there are currently 70 Biscuitville locations listed at https://biscuitville.com/locations/.

41.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. Upon information and belief, there are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CAUSE OF ACTION
**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**
**(On Behalf of the FLSA Collective Class)**

42.     Plaintiff, on behalf of himself and the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

43.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A. Plaintiff anticipates that as this case proceeds, other individuals will sign consent

9

Case 1:22-cv-00600-CCE-LPA    Document 1    Filed 07/29/22    Page 9 of 12

forms and join as plaintiffs.

44. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

45. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

46. During their employment with Defendants, within the applicable statutory period, Plaintiff and the other Collective Class members worked more than forty (40) hours per week.

47. Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing or reckless violation of the FLSA, failed and refused to pay them the appropriate overtime compensation.

48. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine such employees' wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff, on behalf of himself and the Collective Class, seeks damages in

the amount of their respective unpaid compensation, including overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

51. Plaintiff, on behalf of himself and the Collective Class, seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deryas, on behalf of himself and all employees similarly situated who join in this action, prays for the following relief:

a. Designation of this action as a collective action on behalf of the FLSA Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b. That Defendants are found to have violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class;

c. Judgment against Defendants for an amount equal to Plaintiff's and the Collective Class' unpaid back wages at the applicable overtime rate;

d. That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

e. That Defendants' violations as described above are found to be willful;

f. An award to Plaintiff and the Collective Class for the amount of unpaid wages owed, liquidated damages and penalties where provided by federal

law, and interest thereon, subject to proof at trial;

g. A jury trial;

h. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216;

i. An award of prejudgment interest;

j. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

k. Leave to amend to add claims under applicable state laws; and

l. For such further relief as the Court deems just and equitable.

Date: July 29, 2022

**MAGINNIS HOWARD**

*/s/ Garrett L. Davis*

**EDWARD H. MAGINNIS**
N.C. State Bar No. 39317
**KARL S. GWALTNEY**
N.C. State Bar. No. 45118
**GARRETT L. DAVIS**
N.C. State Bar No. 52605
7706 Six Forks Rd. Ste 101
Raleigh, North Carolina 27615
Tel: (919) 524-0540
Fax: (919) 882-8763
emaginnis@maginnishoward.com
kgwaltney@maginnishoward.com
gdavis@maginnishoward.com

*Counsel for Plaintiff Ihab Deryas*