IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Case No.: 1:21-cv-00600

| | |
|---|---|
| IHAB DERYAS, *individually and on behalf of all others similarly situated*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BISCUITVILLE, INC., )<br>)<br>Defendant. ) | **MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION** |

## I. OVERVIEW.

Defendant Biscuitville, Inc. ("Biscuitville") is alleged to have systematically misclassified their Assistant Managers ("Assistant Managers"), including Plaintiff Ihab Deryas ("Plaintiff"), as "exempt" from overtime compensation under the Fair Labor Standards Act ("FLSA") at their restaurants across North Carolina and Virginia. Assistant Managers do not qualify for any FLSA exemption and are entitled to overtime pay for all hours worked in excess of forty (40) per week. Assistant Managers spend the majority of each workday and workweek performing the same non-managerial job duties as "Crew Members"—nonexempt fast-food workers who earn an hourly wage. Biscuitville's Assistant Managers do not customarily and regularly exercise discretion or manage the enterprise. Instead, they spend the vast majority of their work time performing manual labor tasks.

Despite the nonexempt nature of their work, Biscuitville willfully misclassified the Assistant Managers as exempt to reap the financial benefit of their longer hours of work without

paying overtime premiums. Accordingly, Plaintiff, on behalf of himself and others similarly situated, seeks to conditionally certify and send notice to the following FLSA collective class:

> All persons who are or have been employed by Biscuitville[1] with the job title of "Assistant Manager," or some similar title, who were misclassified as exempt, and therefore denied overtime compensation as required by federal wage and hour laws, at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class" or "Assistant Manager Collective Class").

To achieve FLSA conditional collective action certification, Plaintiff must offer substantial allegations that he and others were subject to the same unlawful pay policy or decision. The FLSA threshold standard is easily met here: all Assistant Managers, including Plaintiff, were subject to Biscuitville's systematic misclassification as employees exempt from overtime compensation. This is all that is required for this Court to grant conditional certification and order notice to the putative class members.

Moreover, though Plaintiff need not prove that all Assistant Managers are similarly situated at this stage, these employees' similarities *exceed* the requisite factual nexus for conditional certification under the FLSA's lenient notice-stage standard because they all: (1) have or had the same or similar job title; (2) share or shared the same or substantially similar job descriptions; (3) provide or provided the same or substantially similar non-management services to Biscuitville's customers; (4) routinely work or worked more than forty (40) hours in a workweek; and (5) are or were uniformly denied overtime premiums pursuant to Biscuitville's determination that they are exempt employees. Without early notice and an opportunity to join this case, these employees'

---

[1] This definition is identical to the definition in the Complaint (D.E. 1 ¶ 11a), other than changing "Defendants" to "Biscuitville" to account for the dismissal of Defendants BV Fund I, LLC, BV Fund II, LLC, and BV Fund III, LLC. (D.E. 16).

overtime claims will silently erode under the FLSA's three-year statute of limitations. 29 U.S.C. § 255(a).

Accordingly, this Court should grant conditional certification and approve Plaintiff's notice to the putative Collective Class. The Proposed Notice is attached as Exhibit A, and the Proposed Consent is attached as Exhibit B.

## II. STATEMENT OF FACTS.

### A. The Parties.

Biscuitville owns and operates approximately 70 fast-food restaurants across the United States. (D.E. 1, Plaintiff's Complaint ¶¶ 6, 40). Each restaurant has at least one Assistant Manager who reports directly to an "Operator," the manager of the restaurant (the "Operators"). (*Id*. ¶ 19) Plaintiff was employed as an Assistant Manager of the Biscuitville located at 3201 Hillsborough Road, Durham, North Carolina 27705 (*Id*. ¶ 5; D.E. 20-1, Deryas Affidavit ¶ 2). Plaintiff pursues his Collective Class claims on behalf of himself and all persons who are, have been, or will be employed by Biscuitville as an Assistant Manager at its restaurants throughout the United States at any time within the last three years.

### B. Biscuitville's Assistant Managers Performed Similar Job Duties.

All Assistant Managers employed by Biscuitville, including Plaintiff (and other Biscuitville Assistant Managers he observed or with whom he spoke), shared the same basic job duties. (*Id*. ¶¶ 12, 23-25). Those job duties were non-managerial in nature and involved performing routine, manual, and nonexempt kitchen work in a manner designed to reduce opportunities for employee error, maximize production, and ensure product consistency across Defendants' 70+ locations. (*Id*. ¶¶ 21, 24-25). The work included: (1) preparing, cooking, and making biscuits and other food items; (2) taking drive-thru and in-person orders and serving food to Biscuitville's

customers; (3) taking inventory of ingredients; and (4) daily cleaning. (*Id*.; Deryas Aff. ¶ 11). Plaintiff and putative class members spent the vast majority of their work time performing these routine, manual, and nonexempt duties—the same kitchen work as the exempt Crew Members. (*Id*. ¶ 25; Deryas Aff. ¶¶ 8, 12).

Like all Biscuitville Assistant Managers, Plaintiff was required to attend training at another Biscuitville restaurant prior to starting work. (Deryas Aff. ¶ 5). Plaintiff trained alongside one other person at a restaurant in Burlington, North Carolina. (*Id*. ¶¶ 5-6). Plaintiff and the other Assistant-Manger-in-training were given a detailed training manual that they were expected to study and follow at all times. (*Id*. ¶ 7). Upon information and belief, the same manual utilized to train all other Assistant Managers. (*Id*.). The training was conducted by Maria Cabrera, an "Operator" at the Burlington restaurant. (*Id*. ¶ 5). Ms. Cabrera confirmed that all Assistant Managers were expected to complete the same training and perform the same kitchen-work job duties in the same way across all Biscuitville restaurants. (*Id*. ¶ 9).

Moreover, Plaintiff personally observed other Assistant Managers at other Biscuitville locations performing the same non-managerial job duties with Crew Members and Shift Supervisors. (*Id*. ¶ 21, 25-27). Specifically, Plaintiff personally observed the Assistant Managers working at the Chapel Hill Road, Holloway Street, and Roxboro Street locations in Durham, North Carolina. (*Id*. ¶ 26). Each time Plaintiff observed the Assistant Managers in those locations, they were performing the same duties as any other Crew Member or Shift Supervisor—the same kitchen work Plaintiff performed at the Hillsborough Road location, and the same kitchen work he was trained to perform by Ms. Cabrera. (*Id*. ¶ 27).

While Operators have certain discretion with respect to the management of individual restaurants, Assistant Managers merely follow the direction of store Operators. (D.E. 1 ¶ 19;

Deryas Aff. ¶ 14). Operators closely monitor a store's labor costs and are responsible for ensuring Crew Members and Assistant Managers adhere to Biscuitville's standardized policies and procedures. (*Id*.). Conversely, Assistant Managers have no authority to hire or fire Crew Members, control the weekly work schedule, order supply deliveries, or arrange building maintenance activities. (*Id*.; Deryas Aff. ¶¶ 14-16). Instead, those duties are performed exclusively by higher management. Assistant Managers merely perform non-managerial kitchen work.

### C. Assistant Managers, Including Plaintiff, Routinely Worked in Excess of Forty (40) Hours with No Overtime Pay.

Plaintiff affirmed that, during the last three years, he and other Assistant Managers regularly worked more than forty hours per week to complete their assigned and expected work. (*Id*. ¶¶ 15-18; Deryas Aff. ¶ 17). However, Plaintiff and other Assistant Managers are paid an annual salary with no overtime compensation. (*Id*. ¶ 28; Deryas Aff. ¶ 17). Biscuitville knew or should have known the duties and overtime work Assistant Managers performed were non-exempt. (*Id*. ¶ 15). Biscuitville did not simply require Plaintiff and other Assistant Managers to work more than forty (40) hours per week occasionally—Plaintiff and Assistant Managers were scheduled to work fifty (50) hours per week or more on a regular basis. (*Id*. ¶¶ 13-18; Deryas Aff. ¶¶ 17-18).

### D. Biscuitville Similarly Misclassifies All Assistant Managers, Including Plaintiff, as Employees Exempt from Overtime Pay.

Biscuitville systematically classifies all its Assistant Managers, including Plaintiff, as "exempt" and not entitled to overtime premium pay for hours worked in excess of forty (40) each week. (*Id*. ¶¶ 12, 15, 35-37). Moreover, when Plaintiff contacted Biscuitville's Human Resources Department regarding overtime pay, Director Cathy Lewis informed him that no salaried managers at Biscuitville were supposed to received overtime premium pay, despite of the non-managerial nature of the work performed by Plaintiff and other Assistant Managers. (Deryas Aff. ¶ 19).

Accordingly, Plaintiff, on behalf of himself and others similarly situated, seeks to conditionally certify and send notice to the Assistant Manager Collective Class.

## III. QUESTIONS PRESENTED.

1. Do Plaintiff's substantial allegations and evidence that he and Biscuitville's other Assistant Managers (i) share the same or similar job duties; (ii) routinely work in excess of forty (40) hours in a workweek; and (iii) are all similarly denied overtime pay based upon Biscuitville's uniform decision to classify them as "Exempt," the FLSA's lenient threshold standard for conditional collective action certification?

2. Is Plaintiff authorized to send his proposed notice to the putative Collective Class, following Biscuitville's production of requested contact information?

## IV. ARGUMENT.

### A. The FLSA is a Broad, Remedial Statute.

The FLSA requires employers to pay nonexempt employees overtime premium pay of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. *See* 29 U.S.C. § 206(a)(1)(C), 207(a)(2)(C). Section 216(b) of the FLSA also creates a private right of action for employees and a representative or "collective" action brought pursuant to this provision follows an "opt-in" rather than an "opt-out" procedure. *Lorenzo v. Prime Communs., L.P.*, No. 5:12-CV-69-H-KS, 2017 WL 9439107, at *16 (E.D.N.C. Feb. 14, 2017) (*quoting Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977), overruled on other grounds by *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 168, 173 (1989) (under the FLSA, a potential plaintiff does not benefit from (and is not bound by) a judgment unless he or she affirmatively opts into the lawsuit by filing a consent to join.)).

District courts have broad discretion to implement Section 216(b) and facilitate notice to potential plaintiffs in an FLSA collective action. *Kramli v. Ann Crittendon, Inc.*, No. 1:07-CV-566, 2007 WL 9757835, at *7 (M.D.N.C. Dec. 17, 2007) (citing *Marroquin v. Canales*, 236 F.R.D.

257, 259 (D.Md. 2006)). Notably, the granting of a conditional certification with notice to potential plaintiffs provides "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged…activity." *Hoffman-LaRoche* at 170. Further, the broad remedial nature of the FLSA and Section 216 works strongly in favor of allowing cases to proceed collectively. *See, e.g., Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740-41 (1981) ("Congress intended [the FLSA] to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act."); *see also Hoffman-LaRoche* at 169 ("[a] collective action allows…plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources.").

This case is no exception. Therefore, it should be conditionally certified to permit Plaintiff and potential Opt-ins (who may receive Notice) to pool their resources to collect unpaid wages and provide this Court with efficiency in hearing one collective action.

**B. The FLSA's Lenient Standard Applies.**

Under the FLSA collective action provision, to become a party plaintiff, each "similarly situated" employee must give their "consent in writing to become such a party." 29 U.S.C. § 216(b). Putative class members are similarly situated "if they raise a similar legal issue as to coverage, exemption, or nonpayment [of] minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15CV227, 2016 WL 1057038, at *5 (M.D.N.C. Mar. 14, 2016).

District Courts within the Fourth Circuit "employ a two-stage certification procedure for FLSA collective actions." *Id.* (*quoting Houston* at 831). At the first "conditional certification" stage, the Court must determine "whether the putative class members' claims are sufficiently

similar to merit sending notice of the action to possible members of the class." *Adams v. Citicorp Credit Servs., Inc.*, 93 F. Supp. 3d 441, 453 (M.D.N.C. 2015); *see also Wade v. JMJ Enters., LLC*, 2022 WL 103885, at *3 (M.D.N.C. Jan. 7, 2022).

The Fourth Circuit standard for the conditional certification stage is "fairly lenient." *Solais* at *6 (*quoting Adams* at 453 (internal alterations omitted)). The plaintiff "need only make a relatively modest factual showing that a common policy, scheme or plan that violated the law exists." *Id.*; *see also Beasley* at *4. This notice stage "simply determines whether providing initial notification of the action to potential class members is appropriate," and courts "require nothing more than substantial allegations that the putative class member[s] were together the victims of a single decision, policy, or plan." *Wade* at *3 (citing *O'Quinn v. TransCanada USA Servs., Inc.*, 469 F. Supp. 3d 591, 604 (S.D. W. Va. 2020)).

To meet the "relatively modest" burden of showing potential class members are similarly situated, Plaintiff:

> must set forth more than vague allegations with meager factual support regarding a common policy to violate the FLSA. Their evidence need not, however, enable the court to determine conclusively whether a class of similarly situated plaintiffs exists, and it need not include evidence that the company has a formal policy of refusing to pay overtime.

*Adams*, 93 F. Supp. 3d 441, at 453–54 (*quoting Mitchel v. Crosby Corp.*, Civil Action No. DKC 10–2349, 2012 WL 4005535, at *2–3 (D.Md. Sept. 10, 2012) (unpublished) (internal citations omitted)). The "similarly situated" requirement "is met upon a showing that Plaintiffs were subject to the same uniform classification of exempt status under FLSA." *Benedict v. Hewlett-Packard Co.*, No. 13- CV-00119-LHK, 2014 WL 587135, at *8 (N.D. Cal. Feb. 13, 2014). Furthermore, putative opt-in plaintiffs are "similarly situated" when they "raise a similar legal issue as to coverage, exemption, or nonpayment…arising from at least a manageably similar factual setting

with respect to their job requirements and pay provisions.'" *Houston*, 591 F.Supp. at 833–34 (quoting *De Luna-Guerrero v. N.C. Grower's Ass'n*, 338 F.Supp.2d 649, 654 (E.D.N.C. 2004). In evaluating whether conditional certification is appropriate, differences "as to time actually worked, wages actually due and hours involved are…not significant to [the similarly situated] determination." *De Luna-Guerrero* at 654 (internal quotations omitted).

Whether a plaintiff has met this modest burden "is based on 'substantial allegations' in the pleadings and any submitted affidavits or declarations." *Beasley* at *4 (internal citations omitted). "[T]he Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *Solais* at *6 (quoting *Adams* at 454).

### C. Plaintiff's Allegations and Evidence Easily Meet the Lenient Threshold Standard to Obtain Conditional Certification.

Here, conditional certification is warranted because Plaintiff has provided substantial allegations and evidence that he and other Assistant Managers are similarly situated. Plaintiff's Affidavit shows he should have been classified as non-exempt and been paid an overtime premium, and that he and other Assistant Managers were collectively harmed by Biscuitville's singular decision to declare them exempt for the purpose of avoiding paying them overtime premium pay. (D.E. 1 ¶¶ 12, 15, 22, 35; Deryas Aff. ¶¶ 7-9, 19, 21, 25-27).

Plaintiff's Affidavit demonstrates that he and putative Opt-in Plaintiffs are similarly situated because "(1) [they] have the same job duties; and (2) are subject to the same policies and standards determining their compensation and performance requirements." *Rehberg v. Flowers Foods*, Inc., No. 3:12CV596, 2013 WL 1190290, at *2 (W.D.N.C. Mar. 22, 2013); *see also De Luna-Guerrero* at 654 (finding a proposed class properly formed the basis for an FLSA collective action because, despite variance in "time actually worked" and "wages actually due" for individuals, they are "similarly situated" so long as they all "raise a similar legal issue" based on

"at least…manageably similar…job requirements and pay provisions.") (*citing Kearns*, The Fair Labor Standards Act, § 18.IV.D.3)).

The job duties alleged were predominantly non-managerial in nature and were performed for the vast majority of the workday, the same as Biscuitville's nonexempt Crew Members and Shift Supervisors. (D.E. 1 ¶ 25; Deryas Aff. ¶¶ 7-12, 21, 25-27). Therefore, all Assistant Managers should have been classified as nonexempt employees under the FLSA and paid appropriate overtime. See 29 U.S.C.A. §§ 206-207, 213, 216. (D.E. 1 ¶¶ 17, 18, 25; Deryas Aff. ¶¶ 11-12). While Biscuitville knew its fixed-salary Assistant Managers were primarily performing non-managerial job duties and routinely working at least fifty (50) hours per week, it still misclassified Plaintiff and the putative class as "nonexempt" to avoid paying any of the required overtime premium pay under § 216(b) of the FLSA. (Id. ¶¶ 15-18, 20, 28, 35; Deryas Aff. ¶¶ 11-12).

For conditional certification, the foregoing allegations and declarations are all that is required. They establish Plaintiff spoke to and/or observed other Biscuitville Assistant Managers who performed non-managerial jobs and routinely worked more than fifty (50) hours in a workweek without receiving overtime premiums in violation of the FLSA. (*Id*. ¶¶ 15-18, 20, 25, 35; Deryas Aff. ¶¶ 17-18. 21-27). They also establish that Plaintiff and the putative class members were together victims of a single decision, policy, or plan of Biscuitville to misclassify Assistant Managers as exempt employees, pay them a fixed salary for non-managerial job duties, and then regularly require them work them over forty (40) hours per week without overtime pay. Thus, Plaintiff's allegations in his Complaint and Affidavit surpass the lenient threshold requirement for conditional certification and notice under the FLSA. Therefore, conditional collective action certification and notice for the Collective Class is warranted.

**D. Any Defenses or Merit-Based Arguments Have No Bearing on Conditional Certification.**

Biscuitville may attempt to raise merits-based arguments and prematurely assert its twenty affirmative defenses. (D.E. 15, pp. 10-14). However, as explained, when deciding conditional certification, courts do not "resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." *Solais* at *6 (*quoting Adams* at 454). District courts in the Fourth Circuit have repeatedly refused to evaluate individual issues raised by the employer at the conditional certification stage because to do so "would improperly delve into the merits of Plaintiffs' claims." *Beasley* at *5 (*citing Long v. CPI Sec. Systems, Inc.*, 292 F.R.D. 296, 303 (2013) (finding "a fact-intensive inquiry" inappropriate at the conditional certification stage); *De Luna-Guerrero* at 654; *see also Staley v. UMAR Servs.*, 2022 WL 4450642 at *12 (M.D.N.C. Sept. 23, 2022) (certifying the collective class despite the defendant's allegation that the plaintiff's "situation raise[d] 'individualized legal questions[.]'").

Furthermore, the mere fact that an FLSA exemption may "require an individualized inquiry does not preclude conditional certification." *Myers v. Loomis Armored US, LLC*, 2019 WL 3338172 at *10 (W.D.N.C. July 24, 2019); *see also Barrera v. US Airways Grp., Inc.*, No. CV-2012-02278-PHX, 2013 WL 4654567, at *5 (D. Ariz. Aug. 30, 2013) ("the potential applicability of an FLSA exemption does not preclude conditional certification."). Likewise, while a claim that the Assistant Managers were "exempt" could be a defense under the FLSA, the determination of whether "an exemption applies requires a fact-intensive analysis." *Robinson v. Empire Equity Group, Inc.*, 2009 WL 4018560 at *18 (D.Md. Nov. 18, 2009). At the conditional certification stage, "the record is too limited for this analysis." *Id.*

Finally, Plaintiff's evidence need not meet the admissibility standard applicable to summary judgment or the rules of evidence at this lenient, threshold stage. *Casarotto v. Exploration Drilling, Inc.*, No. CV 15-41-BLG- SPW-CSO, 2015 WL 6080755, at *4 (D. Mont.

Oct. 15, 2015), report and recommendation adopted, No. CV 15-41-BLG-SPW-CSO, 2015 WL 8780050 (D. Mont. Dec. 15, 2015) ("[a] strict application of the rules of evidence would defeat the purpose of the two-step analysis – especially where a plaintiff has not yet conducted discovery.") (*citing White v. MPW Indus. Services, Inc*., 236 F.R.D. 363, 368 (E.D. Tenn. 2006).

Accordingly, to the extent Biscuitville prematurely advances merit and affirmative defense arguments, they should be disregarded and the Court should grant conditional certification.

**E. The Court Should Approve Plaintiff's Proposed Notice and Consent Form.**

Plaintiff's Proposed Notice and Consent Forms properly comply with all prerequisites, further judicial economy by enabling the "efficient resolution in one proceeding of common issues of law and fact," and accomplish the FLSA's purpose of permitting plaintiffs to "vindicate their rights by the pooling of resources" so they may proceed collectively with "lower individual costs." *Hoffman-LaRoche* at 170. "[Those] benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action." *Id*.

Unlike a Rule 23 class action, an employee is not member of an FLSA collective action—and the FLSA's statute of limitations continues to run—until then a written consent to join and affirmatively opts into the case. See 29 U.S.C. § 216(b); *Houston* at 831 (explaining the importance of conditional certification early in a proceeding given "the statute of limitations continues to run on unnamed class members' claims until they opt into the collective action" (*citing* 29 U.S.C. § 256(b)). Therefore, it is critical that similarly situated employees are provided prompt notice and an opportunity to opt in as soon as possible, before the value of their overtime claims erode to nothing.

Plaintiff requests this Court approve issuance of the Notice form attached as Exhibit A, and Consent form attached as Exhibit B, for the Assistant Manager Collective Class. Plaintiff also

requests a ninety (90) day opt-in period for putative class members to return their signed consent forms. To facilitate the notice process, Plaintiff requests that this Court order Biscuitville, within seven (7) calendar days of a Court order granting conditional certification, to provide Plaintiff's counsel, in computer-readable electronic format, the names, job locations, dates of employment, mailing addresses, phone numbers and email addresses of all putative class members who work or worked for Biscuitville during the last three years.

## V.     CONCLUSION

Plaintiffs respectfully request this Court: (1) conditionally certify the Assistant Manager Collective Class; (2) order Biscuitville, within seven (7) calendar days of this Court's order, to provide Plaintiff's counsel, in computer-readable electronic format, the names, job locations, dates of employment, mailing addresses, phone numbers and email addresses of all persons who are, have been, or will be employed by Biscuitville as Assistant Managers at Biscuitville's Restaurants anywhere in the United States at any time within the last three years; (3) authorize Plaintiff to mail and e-mail Plaintiff's proposed Notice (Exhibit A) and Consent forms (Exhibit B) to these putative class members; and (4) approve a ninety (90) day opt-in period in which putative class members may return their signed consent forms.

This the 18th day of November, 2022.

*Counsel for Plaintiff*

**MAGINNIS HOWARD**

*/s/ Karl S. Gwaltney*
KARL S. GWALTNEY
N.C. State Bar No. 45118
EDWARD H. MAGINNIS

N.C. State Bar No. 39317  
7706 Six Forks Road, Suite 101  
Raleigh, North Carolina 27615  
Telephone: 919-526-0450  
Fax: 919-882-8763  
kgwaltney@maginnishoward.com  
emaginnis@maginnishoward.com

# CERTIFICATE OF COMPLIANCE WITH RULE 7.3(d)(1)

I, the undersigned counsel, hereby certifies that on the foregoing brief does not exceed 6,250 words as limited by Local Rule 7.3(d)(1). The word count excludes the case caption, signature lines, cover page, and required certificates of counsel. In making this certification, the undersigned has relied upon the word count of the word-processing system used to prepare the brief.

*Counsel for Plaintiff*

**MAGINNIS HOWARD**

*/s/ Karl S. Gwaltney*
KARL S. GWALTNEY

## CERTIFICATE OF SERVICE

      The undersigned counsel for Plaintiff hereby certifies that he has this day caused a copy of the foregoing to be served to all parties of record via the ECF filing system.

This the 18th day of November, 2022.

                                        *Counsel for Plaintiff*

                                        **MAGINNIS HOWARD**

                                        */s/ Karl S. Gwaltney*
                                        KARL S. GWALTNEY