IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IHAB DERYAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22-CV-600 |
| | ) | |
| BISCUITVILLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The plaintiff seeks conditional certification under Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). The plaintiff seeks to represent a collective consisting of:

> [a]ll persons who are or have been employed by Biscuitville, Inc. with the job title of "Assistant Manager," or some similar title, who were misclassified as exempt, and therefore denied overtime compensation as required by federal wage and hour laws, at any time within three years prior to this action's filing date through the date of final disposition of this action.

Doc. 19 at 1. Having considered the motion, the briefs, the evidence, and the pleadings, the Court concludes that the claims of the putative collective members are sufficiently similar to merit notice to those members, the plaintiff has met the modest requirements for conditional certification, and the motion should be granted.

There does not appear to be a Fourth Circuit case on point, but district courts in this circuit are in general agreement as to the two-step procedure for certification and the test for conditional certification, based on the statutory language requiring that the collective members be "similarly situated." *See, e.g.*, *Solais v. Vesuvio's II Pizza & Grill,*

*Inc.*, No. 15-CV-227, 2016 WL 1057038, at *5–6 (M.D.N.C. Mar. 14, 2016); *Brianas v. Under Armour, Inc.*, No. 17-CV-2928, 2018 WL 2184448, at *2 (D. Md. May 11, 2018); *O'Quinn v. TransCanada USA Servs., Inc.*, 469 F. Supp. 3d 591, 604 (S.D.W. Va. 2020). "In the first phase of this inquiry a court examines the pleadings and affidavits of the proposed action in search of a 'modest factual showing' that the proposed class is similarly situated." *Porter v. Petrol. Transp., Inc.*, No. 10-CV-1384, 2012 WL 2557751, at *1 (S.D.W. Va. June 28, 2012); *O'Quinn*, 469 F. Supp. 3d at 604; *see also Sodekson v. E. Coast Rest. & Nightclubs, LLC*, No. 15-CV-2711, 2016 WL 4613386, at *5 (D.S.C. Sept. 6, 2016) (summarizing various ways courts describe this burden and collecting cases); *Biscardi v. Gov't Emps. Ins. Co.*, No. 21-CV-2240, 2023 WL 155238 at *2 (D. Md. Jan. 11, 2023) (same). Once this "fairly lenient" hurdle has been cleared, "a court conditionally certifies the class so that potential plaintiffs may be notified of the pending action and choose to opt-in if they wish to do so." *O'Quinn*, 469 F. Supp. 3d at 604.

After conditional certification, "the action proceeds as a representative action throughout discovery." *Id.* "The second phase of the inquiry, undertaken after discovery is largely completed, is typically precipitated by a motion for decertification by the defendant." *Id.* (cleaned up); *Westfall v. Kendle Intern., CPU, LLC*, No. 5-CV-118, 2007 WL 486606, at *8 (N.D.W. Va. Feb. 15, 2007) (cleaned up).

Here, the plaintiff has submitted evidence that all assistant managers were required to work more than forty hours a week and were not paid overtime; that all received the same training and were treated the same as hourly workers by store managers, except as to pay; and that all had the same general job responsibilities as each other and as hourly

2

employees, which did not include any real management responsibilities or duties. He offers testimony about his personal observations as to several locations and about statements other employees have made confirming these similarities. This is sufficient to show that the putative class members are similarly situated, and proof as to every single location is not required. The defendant does not deny that it has a policy of paying assistant managers salaries and no overtime, and its disagreements as to job duties and responsibilities are factual disagreements to be resolved later. *See Mondragon v. Scott Farms, Inc.*, No. 17-CV-356, 2019 WL 489117, at *7 (E.D.N.C. Feb. 7, 2019) (granting a motion for conditional class certification in an FLSA action despite factual distinctions amongst the putative class members).[1]

The defendant contends that conditional certification is improper because many putative collective members have signed arbitration agreements with class and collective action waivers. Doc. 24 at 12–16. Two circuits have held that persons who have signed arbitration agreements or collective action waivers should be excluded from the collective and should not receive notice. The Fifth Circuit has held "that district courts

---

[1] The Court has not reviewed or considered the websites cited in the plaintiff's reply brief. *See* Doc. 26. The Local Rules require that admissible evidence be submitted in the official court file in support or opposition to motions, *see* L.R. 7.3(c)(1), and unauthenticated citations to websites do not qualify. "Printouts of Web pages must first be authenticated as accurately reflecting the content and image of a specific web page on the computer." 2 Kenneth S. Broun, et al., *McCormick On Evidence* § 227 (8th ed. 2022); *see Osunde v. Lewis*, 281 F.R.D. 250, 256 n.6 (D. Md. 2012) (refusing to consider unauthenticated internet citations in a motion for summary judgment). To the extent a lower standard than admissible evidence is appropriate for the pending motion, the information must still be part of the court record. Undocumented citations make a clear record impossible; websites change constantly and to rely on a website on a particular date without a record of the contents means the litigants, the public, and the appellate courts cannot know exactly what appeared on the website at the time it was reviewed by a court.

may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit that employee from participating in the collective action." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 501 (5th Cir. 2019). The Seventh Circuit agrees. *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049–50 (7th Cir. 2020) ("[A] court may not authorize notice to individuals whom the court has been shown entered mutual arbitration agreements waiving their right to join the action.").

But this is not the universal view. The United States District Court for the District of Maryland recently explained in a persuasive opinion why the better approach is to resolve any disputes about arbitration after notice. *Lancaster v. FQSR*, No. 19-CV-2632, 2020 WL 5500227, at *7–8 (D. Md. Sept. 11, 2020) (concluding that "the existence and enforceability of an arbitration agreement is a merits-based determination ordinarily not addressed at the conditional certification stage"). Other courts, including courts in this circuit, agree. *See, e.g.*, *Camara v. Mastro's Rests. LLC*, 340 F. Supp. 3d 46, 59 (D.D.C. 2018) (collecting cases); *Chapman v. Saber Healthcare Grp., LLC*, __ F. Supp. 3d __, No. 20-CV-106, 2022 WL 3686477, at *8 (E.D. Va. Aug. 25, 2022). The Court finds the reasoning set forth in these decisions to be more persuasive than the approach taken in the Fifth and Seventh Circuits.

In the briefing, the parties stated a willingness to confer as to the form and mechanics of notice. The Court will give them time to do so.

It is **ORDERED** that:

1. The plaintiff's motion for conditional certification of an FLSA collective, Doc. 19, is **GRANTED**.

4

2. The following collective action is **CERTIFIED**:

   All persons who are or have been employed by Biscuitville, Inc. with the job title of "Assistant Manager," or some similar title, who were misclassified as exempt, and therefore denied overtime compensation as required by federal wage and hour laws, at any time within three years prior to this action's filing date through the date of final disposition of this action.

3. Karl S. Gwaltney and Edward H. Maginnis of Maginnis Howard are **APPOINTED** as counsel for the collective.

4. The plaintiff, Ihab Deryas, is **APPOINTED** as the collective's representative.

5. The defendants **SHALL** begin gathering the names and contact information for collective members so as to be able to provide it to the appropriate person or entity for notice purposes.

6. The form of the notice and related logistics remain under advisement. Counsel **SHALL** meet and confer as to the form of the notice and mechanics of its distribution and methods of opting-in. They **SHALL** file a joint submission as to any agreements or additional suggestions no later than February 3, 2023.

This the 24th day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE

5

Case 1:22-cv-00600-CCE-LPA   Document 32   Filed 01/24/23   Page 5 of 5