# SETTLEMENT AGREEMENT AND RELEASE

Subject to Court approval, this Settlement Agreement and Release ("Settlement Agreement") is entered into between: (a) Plaintiff Ihab Deryas ("Plaintiff"), for himself individually and on behalf of, his spouse (if any), beneficiaries, heirs, administrators, executors, assigns, agents and representatives; and (b) Defendant Biscuitville, Inc. ("Defendant") and its parent and/or affiliated entities. Plaintiff and Defendant together shall be referred to as "the Parties."[1]

In consideration of the promises and covenants set forth in this Settlement Agreement the Parties stipulate and agree that the Action, as defined below, will be settled and compromised upon the terms and conditions set forth in this Settlement Agreement, on an individual basis only, and will be dismissed with prejudice. The Parties intend this Settlement Agreement to fully and finally compromise, resolve, discharge, release, and settle the claims released in this Settlement Agreement and to dismiss the Action with prejudice, subject to Court approval and to the terms and conditions set forth below, and without any admission or concession as to the merits of any claim or defense by any of the Parties.

NOW, THEREFORE, the Parties enter into this Settlement Agreement, and the Parties agree that upon the Court's approval of the Settlement Agreement: (1) the Action shall be settled and compromised as between the Parties; and (2) the proposed Approval Order and Dismissal with Prejudice as attached as Exhibit 2 to the Joint Motion for Approval of Fair Labor Standards Act Settlement shall be entered:

## DEFINITIONS

In addition to various terms defined elsewhere, the terms listed in this Section shall have the meanings ascribed to them for purposes of this Settlement Agreement.

Action: means the lawsuit captioned *Ihab Deryas, individually and on behalf of all others similarly situated, v. Biscuitville, Inc.* case number 1:22-cv-00600-CCE-LPA, filed by Plaintiff in the Middle District of North Carolina, Durham Division, on July 29, 2022.

Approval Order: means the Order to be entered by the Court substantially in the form of Exhibit 2 to the Joint Motion for Approval of Fair Labor Standards Act Settlement that fully and finally approves this Settlement Agreement and dismisses the action with prejudice.

Attorneys' Fees and Costs: means such funds as agreed to by the Parties in the amount of Forty-Nine Thousand, Five Hundred and Fifty-Seven and 11/100 Dollars ($49,557.11) to compensate Plaintiff's Counsel for their fees, costs, and expenses. Specifically, of this amount, $49,124.39 is payment for Plaintiff's Counsel's fees and $432.72 is payment for Plaintiff's Counsel's costs and expenses.

Complaint: means the Original Collective Action Complaint filed in the Action as ECF No. 1.

---

[1] Capitalized terms, except where such usage is self-evident, are principally defined in Section 1 below. A few terms are separately defined.

Court: means the Middle District of North Carolina, Durham Division.

Covered Period: For FLSA claims means three years prior to the date Plaintiff filed the Action, through the date Plaintiff's employment relationship with Defendant ended, specifically and only as follows: July 29, 2019 to April 6, 2022.

While the Covered Period ends on the date Plaintiff's employment relationship with Defendant ended, the Released Claims shall extend up to an including the Effective Date.

Defense Counsel: means Maggie Santen and Ben Holland of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Effective Date: shall be the first day after the date on which all of the following have occurred:

- Plaintiff's Counsel has delivered to Defense Counsel fully executed copies of this Settlement Agreement executed by Plaintiff and all necessary W-9s; and

- The Court has approved the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice.

Plaintiff: means Ihab Deryas.

Plaintiff's Counsel: means Karl Gwaltney and Edward Maginnis of Maginnis Howard.

Released Claims: mean any and all claims, demands, causes of action, rights to relief, fees and liabilities of any kind (except those carved out below), either that were asserted in or could have been asserted in the Action, that Plaintiff has or may have against any of the Releasees (as defined below), from the beginning of time through the Effective Date, arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* or state wage/hour equivalent, or that are related to, in any way, any wage and hour, wage/payment or overtime claims; any other claim allegedly arising from the Plaintiff's alleged misclassification as an employee exempt from overtime; and any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described above under applicable federal, state or local laws, statutes, or regulations. The Released Claims do not include any workers' compensation claims against Biscuitville or other pending bodily injury claims against third-parties related to Plaintiff's workplace incident involving injury to his mouth and teeth.

Releasees: means Biscuitville, Inc. and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, through, under, or in concert with any of these persons or entities and their successors and assigns.

Settlement or Settlement Agreement: means this Settlement Agreement and Release.

2

<u>Settlement Payment</u>: means the amount Plaintiff is to receive under the Settlement Agreement and as calculated in Section 7 below.

## JURISDICTION

The Court has jurisdiction over the Parties and the subject matter of the Action. If any Party or Parties to this Settlement Agreement is not subject to the personal jurisdiction of the Court, the Parties hereby consent to the jurisdiction of the Court for all claims and all Parties for settlement purposes only, and such Party or Parties reserves the right to assert lack of personal jurisdiction in any other lawsuit (except for any lawsuit to enforce this Settlement Agreement).

If and once the Settlement Agreement is fully and finally approved, the Court will dismiss the Action with prejudice.

Failure to obtain the approval of this Settlement Agreement in the same or similar format proposed to the Court, including, but not limited to, any failure as a result of any appeal of the Court's Approval Order and Judgment, will cause this Settlement Agreement to be void and unenforceable and to have no further force and effect unless otherwise agreed to by the Parties.

## STATEMENT OF NO ADMISSION

Defendant denies liability for any claim or cause of action presented or alleged or that could have been presented or alleged in the Action, and Defendant denies that Plaintiff is entitled to relief of any kind in the Action.

This Settlement Agreement does not constitute an admission by Defendant as to the merits, validity, or accuracy of the allegations or claims made against it in the Action and may not be construed as or deemed an admission of liability, culpability, negligence, willfulness, or wrongdoing on the part of Defendant.

Nothing in this Settlement Agreement is intended by the Parties or may be used by anyone for any purpose inconsistent with this Settlement Agreement, or may be introduced in any way as evidence, to show or establish any misconduct, or improper practices, plans, or policies, or any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in this Court that has as its purpose the enforcement of the Settlement Agreement.

## CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in the Action have merit and that the evidence supports his claims. However, Plaintiff and Plaintiff's Counsel recognize and acknowledge the expense, complexities, and length of continued proceedings necessary to prosecute the Action through trial, and appeals, along with the litigation risk, including risk of a defense verdict stemming from Defendant's defenses.

Plaintiff and Plaintiff's Counsel have considered the uncertain outcome and the risk of the Action as well as the difficulties, delays, and risks of collection inherent in litigation. After

considering the same, Plaintiff and Plaintiff's Counsel likewise believes that settlement of this action on an individual basis only, while abandoning any collective action claims, is appropriate and the intent of this Settlement Agreement is to resolve Plaintiff's claims on an individual basis only.

Plaintiff and Plaintiff's Counsel believe that the Settlement Agreement confers substantial benefits upon Plaintiff and is fair, reasonable, adequate, and in the best interests of Plaintiff.

Plaintiff agrees and acknowledges that he must execute this Settlement Agreement as a condition precedent to this Settlement Agreement.

### SETTLEMENT APPROVAL, REQUIRED EVENTS, AND COOPERATION BY THE PARTIES

Approval of Settlement: The Parties agree to the following terms for purposes of obtaining settlement approval:

As soon as reasonably practicable, the Parties will submit a Joint Motion for Approval of Settlement, with the Settlement Agreement including all Exhibits submitted, to the Court for its approval and jointly move the Court for entry of an Order materially similar to the form of Exhibit 2 to the Joint Motion for Approval of Fair Labor Standards Act Settlement, which will determine that the Settlement Agreement and its terms are fair and reasonable, fully and finally approve the Settlement, and dismiss the Action with prejudice.

Good Faith Cooperation: The Parties represent and acknowledge that they intend to implement the Settlement Agreement. The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps to accomplish all required events, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement.

### TOTAL SETTLEMENT AMOUNT

As consideration for Plaintiff's agreement to be bound by the terms of this Settlement Agreement and Release, and assuming the Court approves the Settlement Agreement and dismisses the Action with prejudice, Defendant agrees to pay a total sum of Seventy-Three Thousand and Five Hundred And Fifty-Seven and 11/100 Dollars ($73,557.11) ("Total Settlement Amount"), less any applicable withholdings, which shall cover, resolve, and fully satisfy any and all amounts due under this Agreement, including: (1) Settlement Payments to be paid to Plaintiff; and (2) Attorneys' Fees and Costs.

### SETTLEMENT PAYMENTS

From the Total Settlement Amount, Defendant will pay a Settlement Payment to Plaintiff. Settlement Payments are specifically and only as follows:

To Plaintiff Ihab Deryas, a Settlement Payment of $24,000.00, less legally-required withholdings as noted below, which shall be payable and allocated as follows:

4

- A check in the amount of $12,000.00, less lawful deductions and withholdings, made payable to Ihab Deryas for all alleged FLSA or other wage damages. Defendant shall issue an IRS Form W-2 in connection with this payment.

- A check in the amount of $12,000.00 made payable to Ihab Deryas, which shall constitute the entire amount payable to Plaintiff for alleged liquidated damages under the FLSA. This sum shall be paid without any deduction for taxes or other withholdings and reported as "other income" on IRS Form 1099-MISC (Box 3).

By so agreeing to make such Settlement Payments, Defendant does not concede that damages are appropriate here.

### ATTORNEYS' FEES AND COSTS

From the Total Settlement Amount, Defendant will make a payment to Plaintiff's Counsel for Attorneys' Fees and Costs in the amount of $49,557.11. Defendant shall report the payment to Plaintiff's Counsel on a Form 1099. with 1099 issued to Plaintiff for same amount pursuant to IRS rules, for which Plaintiff can take a line-item deduction.

By accepting the Attorneys' Fees and Costs payment below, Deryas's lawyers represent and warrant that they do not currently have any retention or retainer agreement, or attorney-client relationship, with any other current or former employees of any Releasees to pursue any claims against any Releasees.

### WAIVER, RELEASE, AND DISMISSAL

Upon the Settlement Effective Date, the Parties will be bound by the terms and conditions of this Settlement Agreement.

Upon the Settlement Effective Date, Plaintiff, on behalf of himself and his respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns shall be deemed to have forever released and discharged the Releasees from any and all Released Claims, shall covenant not to sue the Releasees with respect to any Released Claims, and will be permanently and forever barred from suing or otherwise asserting any Released Claim against any of the Releasees.

In exchange for this release of claims by Plaintiff, Defendant, will make all payments owed pursuant to this Settlement Agreement within ten (10) business days after the Settlement Effective Date.

Notwithstanding any other provision of this Settlement Agreement, nothing in this Settlement Agreement is intended to restrict Plaintiff from contacting, assisting, or cooperating with any government agency; provided, however, that Plaintiff shall not seek or accept damages, reinstatement, or similar personal relief as to any Released Claim.

Plaintiff represents and warrants that he has not sold, assigned, pledged, or otherwise transferred any Released Claims.

5

## MISCELLANEOUS PROVISIONS

Plaintiff will be responsible for reporting such amounts on his tax returns and paying all applicable taxes on such amounts. Plaintiff agrees to indemnify and hold Defendant and the Released Parties harmless from any and all liability that may result from, or arise in connection with, his failure to file and pay such taxes on any amounts received pursuant to this Settlement except that Defendant shall be responsible for the employer portion of any payroll taxes.

The Parties agree to take all steps as may be reasonably necessary to secure approval of the Settlement Agreement, to the extent not inconsistent with its terms, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval of the Settlement Agreement in all respects. The Parties also agree that this Settlement is contingent on the Court approving the Settlement and dismissing the case with prejudice. The Parties expressly agree that this Settlement is intended to resolve the claims of Plaintiff on an individual basis only without binding any other person.

The signatories represent that they are fully authorized to enter this Settlement Agreement and bind the Parties to the terms and conditions of this Settlement Agreement.

As soon as practicable after execution of this Settlement Agreement, and within the time frames set forth herein, Plaintiff's Counsel shall, with the assistance and cooperation of Defendant and Defense Counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement.

The Parties agree to a stay of all proceedings in the Action, except such proceedings as may be necessary to complete and implement the Settlement Agreement, pending Court approval of the Settlement.

This Settlement Agreement shall be interpreted and enforced under federal law and under the laws of the State of North Carolina without regard to its conflicts of law provisions.

The Parties acknowledge that they have been represented by competent, experienced counsel throughout all arms-length negotiations that preceded the execution of this Settlement Agreement, and that this Settlement Agreement is made with advice of counsel who have jointly prepared this Settlement Agreement.

Any claim concerning enforcement of the Settlement Agreement will be resolved solely and exclusively by the Court, and the Parties hereby consent to the personal jurisdiction of the Court over them in connection therewith.

The Parties to this Settlement Agreement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction will apply against any Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

The terms and conditions of this Settlement Agreement constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Action. Plaintiff and Defendant accept entry of this Settlement Agreement based solely on

its terms, and not in reliance upon any representations or promises other than those contained in this Settlement Agreement. This Settlement Agreement may be modified only by writing and signed by the Parties and approved by the Court.

This Settlement Agreement and its Exhibits contain the entire agreement between the Parties relating to the Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or a party's legal counsel, are merged in this Settlement Agreement. No rights may be waived except in writing.

This Settlement Agreement may be executed in one or more actual or electronically reproduced counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

In the event one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect the same shall not affect any other provision of this Settlement Agreement but this Settlement Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the Settlement, the terms of the Settlement Agreement supersede and control. Captions in this Settlement Agreement are for convenience and do not in any way define, limit, extend, or describe the scope of this Agreement or any provision in it.

Unless otherwise stated herein, any notice to the Parties required or provided for under this Settlement Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

| | |
|---|---|
| If to Plaintiff's Counsel:<br>Karl Gwaltney<br>Maginnis Howard<br>7706 Six Forks Rd<br>Suite 101<br>Raleigh, NC 27615 | If to Defense Counsel:<br>Maggie Santen<br>Ogletree, Deakins, Nash,<br>Smoak & Stewart, P.C.<br>201 South College Street<br>Suite 2300<br>Charlotte, NC 28244 |

7

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated: 3/14/2023

Plaintiff Ihab Deryas

*/s/ Ihab Deryas*

Plaintiff's Counsel

Dated: 3/16/2023

*/s/ Counsel*

Dated: 3/14/2023

Defendant Biscuitville, Inc.

By: */s/*

Belinda Kyle

Its Chief People Officer

Dated: _____

Defendant's Counsel

_____

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated: _____        Plaintiff Ihab Deryas

_____

Plaintiff's Counsel

Dated: _____        _____

Dated: __3|14|2023__          Defendant Biscuitville, Inc.

By: _/s/ Blu_____

Belinda Kyle

Its _chief People Officer_

Dated: __3-15-2023__          Defendant's Counsel

_/s/ Mag_____

Margaret Santen

8