IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IHAB DERYAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22-CV-600 |
| | ) | |
| BISCUITVILLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The plaintiff, Ihab Deryas, sued Biscuitville, Inc. under the Fair Labor Standards Act (FLSA). The parties have reached a proposed settlement agreement and have filed a joint motion for judicial approval of the proposed settlement and for an award of attorney's fees. Upon consideration, and in light of the amended settlement agreement, the motion will be granted.

**I.     Background**

Mr. Deryas was an assistant manager at a Biscuitville restaurant from 2018 to 2022. Doc. 20-1 at ¶ 2. Biscuitville did not pay overtime compensation. *Id.* at ¶¶ 10, 13.

In July 2022, Mr. Deryas sued Biscuitville, alleging it misclassified him and other assistant managers as exempt from overtime compensation under the FLSA. Doc. 1. Biscuitville denied that it violated the FLSA and asserted various defenses, including a defense that its assistant managers qualify for an exemption under the FLSA as bona fide executive employees. Doc. 15 at 11 (citing 29 C.F.R. Part 541). To date, no one other than Mr. Deryas has opted into the collective. Doc. 36-1 at ¶ 19.

In November 2022, Mr. Deryas moved for conditional certification of a collective action, Doc. 19, which Biscuitville opposed. Doc. 24. The Court granted the motion shortly after the briefing concluded and ordered the parties to file a joint submission on the form of the notice and the mechanics of its distribution. Doc. 32 at 5. Less than two weeks later, the parties filed a joint notice of settlement. Doc. 34. Soon thereafter, they filed the pending joint motion for approval of the proposed settlement. Doc. 35.

The amended proposed settlement agreement, Doc. 37-1, provides that Mr. Deryas will receive $12,000 in unpaid overtime compensation and $12,000 in liquidated damages. Doc. 37-1 at 4–5; Doc. 36-1 at ¶ 30. His attorneys from the law firm Maginnis Howard will receive $49,557.11 in attorney's fees. Doc. 37-1 at 5; Doc. 36-1 at ¶ 30. In exchange, Mr. Deryas will release any wage and hour claim, including claims under the FLSA and any state law equivalent, against Biscuitville and related entities. Doc. 37-1 at 2, 5; Doc. 36-1 at ¶ 31. The release only binds Mr. Deryas and not putative collective members. Doc. 36-1 at ¶ 31. Biscuitville continues to deny liability. Doc. 37-1 at 3.

## II.     Discussion

"[T]here is a judicial prohibition against the unsupervised waiver or settlement of claims" under the FLSA. *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010) (cleaned up). Settlements must be supervised by the Department of Labor or a court, primarily to deal with concerns over inequality in bargaining power between employers and employees. *Id.*

District courts in this circuit review a proposed settlement by evaluating whether it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."

2

*Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014); *see also, e.g.*, *Blackmon v. Cohen*, No. 17-CV-890, 2020 WL 91914, at *1 (M.D.N.C. Jan. 8, 2020). Specifically, courts evaluate: (1) whether FLSA issues are actually in dispute; (2) the fairness and reasonableness of the settlement; (3) and the reasonableness of attorneys' fees. *Duprey*, 30 F. Supp. 3d at 408. If there is no real doubt that the defendant violated the FLSA, then the plaintiff is entitled to the full value of his unpaid wages and liquidated damages. 29 U.S.C. § 216(b); *see Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 709 (1945).

Here, the parties engaged in formal discovery, and Biscuitville produced several hundred pages of timekeeping and other scheduling records. Doc. 36-1 at ¶¶ 20–21. Plaintiff's counsel reviewed these records to calculate damages. *Id.* at ¶ 33. There is no evidence of collusion. Plaintiff's counsel are experienced in employment litigation, *see id.* at ¶¶ 4–9, Doc. 36-2 at 1–4, and negotiated the settlement at arm's length after reviewing the discovery materials and investigating the claims. *See* Doc. 36-1 at ¶¶ 25, 28; *id.* at ¶ 49(a)–(l) (detailing work performed). The parties reached an agreement only after exchanging several proposals. *Id.* at ¶ 28.

The amount of the settlement is fair and reasonable. The settlement pays Mr. Deryas 100% of his claimed unpaid compensation and full double damages. Doc. 36 at 4; *see* Doc. 36-1 at ¶ 34. His evidence of willfulness, which would increase his damages,[1] is not particularly strong. Indeed, it is not certain he would recover anything at all at trial, as the defendant produced evidence that an exemption applies, that the number

---

[1] The statute of limitations for claims of unpaid wages under the FLSA becomes three years instead of two if the claim arises "out of a willful violation." 29 U.S.C. § 255(a).

of hours Mr. Deryas claims is overstated, and that Mr. Deryas' credibility is seriously compromised.

The release is reasonable; it broadly covers claims arising out of wage and hour disputes but nothing else, and it specifically excludes workers' compensations claims and certain pending claims against third-parties for bodily injury related to a workplace incident. Doc. 37-1 at 2, 5. No putative collective member is bound by the release. Doc. 36-1 at ¶ 31.

Here, the Court granted conditional certification of a collective action and ordered the parties to prepare a notice. Doc. 32 at 5. Given the timing of the settlement, which was within days of the Court's decision, *see* Doc. 34, it seemed Mr. Deryas might have leveraged a personal settlement at the expense of other workers who could reasonably be expected to benefit from the lawsuit. The Court asked the parties to address this issue. *See* Text Order 02/16/2023 (citing *Parrilla v. Allcom Const. & Installation Servs., LLC*, 688 F. Supp. 2d 1347, 1349 (M.D. Fla. 2010)).

Plaintiff's counsel has clarified that the parties discussed an individual settlement before the Court's ruling on conditional certification, Doc. 36-1 at ¶ 38, and that after they filed their initial brief they developed or received evidence tending to indicate that there was a significant risk of decertification. *Id.* at ¶¶ 39–41. Counsel also explained that they interviewed many assistant managers informally, and despite this none have opted-in to the collective action in the seven months this case has been pending. *Id.* at ¶ 19. As noted, the release covers only Mr. Deryas' claims, so any member of the collective can bring his or her own claim without prejudice. To the extent fairness to

4

other potential members of the collective is appropriate to consider, it does not weigh against approval here.

The amount of attorney's fees is reasonable. Courts use the lodestar principles as a guide or cross check in evaluating an award of attorney's fees in FLSA settlements. *Davis v. BT Ams. Inc.*, No. 16-CV-206, 2017 WL 11506967, at *3 (E.D. Va. May 10, 2017). A court determines the lodestar amount by multiplying a reasonable hourly rate by the hours reasonably expended; then it assesses overall reasonableness using the factors outlined in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 & n.28 (4th Cir. 1978).[2]

Edward Maginnis and Karl Gwaltney of Maginnis Howard worked on Mr. Deryas' case. Both are experienced in employment law and aggregate litigation. Doc. 36-2 at 1–4; Doc. 36-1 at ¶¶ 4–9. Together they spent around 212 hours on this case. Doc. 36-1 at ¶ 49. This is reasonable considering they investigated the claims, prepared and reviewed the pleadings, participated in discovery, briefed the motion for conditional certification, negotiated the settlement, and prepared the settlement documents. *See id.* The requested hourly rate is also reasonable. Both attorneys have agreed to a lowered

---

[2] These factors include: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Barber*, 577 F.2d at 226 n.28; *see Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008).

rate of $233.57 "to facilitate a favorable settlement," *id.* at ¶ 52, even though they currently bill at a higher rate. *See id.* at ¶ 46.

The award of attorney's fees is more than reasonable in light of the labor expended, the skill required, the difficulties of the issues, and the experience of counsel.

### III.    No Reemployment Provision

Courts "must also determine whether the proposed settlement furthers or impermissibly frustrates implementation of the FLSA." *Robinson v. Harrison Transp. Servs., Inc.*, No. 15-CV-298, 2016 WL 3647616, at *1 (E.D.N.C. June 30, 2016) (cleaned up) (collecting cases); *see also Gorrell v. Wake Cnty.*, No. 21-CV-129, 2022 WL 3222003, at *4 (E.D.N.C. Aug. 9, 2022) (noting courts may not approve broad releases and confidentiality provisions).

The original proposed settlement agreement provided that Mr. Deryas would not "apply or reapply for a position of employment with [Biscuitville] or any of the Releasees." Doc. 35-1 at 6. Courts examine these provisions carefully because they can be viewed as punishing plaintiffs for asserting their rights under the FLSA and can deter others from bringing FLSA claims. *See, e.g.*, *Nichols v. Dollar Tree Stores, Inc.*, No. 13-CV-88, 2013 WL 5933991, at *6 (M.D. Ga. Nov. 1, 2013); *Martinez Aguilar v. VBFS Inc.*, No. 19-CV-621, 2020 WL 1036071, at *1 (S.D.N.Y. Mar. 3, 2020) (collecting cases).

Since the supporting documents did not cite any authority for the no reemployment provision, the Court ordered the parties to submit supplemental briefing and evidence on why the provision was appropriate or, in the alternative, to remove the

6

provision. Text Order 03/09/2023. The parties agreed to remove the provision, *see* Doc. 37, and filed an amended settlement agreement. Doc. 37-1. All other terms remain the same. Doc. 37. Thus, there are no longer any concerns that the proposed settlement agreement might frustrate the purpose of the FLSA.

## IV.  Conclusion

The proposed settlement is a fair and reasonable resolution of a bona fide dispute of FLSA provisions, the requested attorney's fees are reasonable, and the proposed settlement does not frustrate the purpose of the FLSA. The joint motion for judicial approval of the settlement agreement will be granted.

It is **ORDERED** that:

1. The joint motion for approval of FLSA settlement, Doc. 35, as supplemented, Doc. 37, is **GRANTED**.
2. Payments **SHALL** be made under the terms of the proposed settlement. Doc. 37-1.
3. The plaintiff's claims are **DISMISSED** with prejudice.
4. Judgment will be entered separately.

This the 20th day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE